1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

7   HERBERT WARREN,                    )
                                       )        2:06-CV-0035-RCJ-LRL
8                     Plaintiff,       )
                                       )
9         vs.                          )              **ORDER**
                                       )
10  NEVADA COACHES, LLC, DBA           )
    SHOWTIME TOURS,                    )
11                                     )
                    Defendants.        )
12  _____)

13          This matter comes before the Court on Defendants' Motion for Summary Judgment

14  (#12).  Plaintiff claims that Defendants terminated his employment in violation of the Age

15  Discrimination Employment Act.  Defendants now seek summary judgment, arguing that

16  Plaintiff has not met a prima facie case of age discrimination.  The Court has considered the

17  motions, the pleadings on file, and oral argument on behalf of all parties.  Pursuant to the

18  following analysis, Defendants' Motion for Summary Judgment is *denied*.

19                                    **BACKGROUND**

20          This is an age discrimination case arising out of the termination of Plaintiff Herbert

21  Warren.  Plaintiff was hired by Defendant Showtime Tours on May 24, 2003 as President of the

22  company.  Plaintiff was 59 years old when hired.  Defendant terminated Plaintiff's employment

23  on January 11, 2005, when Plaintiff was 61.  Defendant hired James Capezio, age 41, to fill the

24  vacancy ten days later.  Plaintiff believes he was fired because of age discrimination and filed

25  a Charge of Discrimination with the Nevada Equal Rights Commission ("NERC") on February

10, 2005.  In the Charge, Plaintiff alleges that Showtime's owner, Bill La Macchia Jr., met with him in July 2004 and communicated that he wanted "someone around long enough to see the project completed." (#1 at 3.)  La Macchia allegedly also questioned Plaintiff regarding his age, why he was still working, and when he planned on retiring.  (*Id.*)  Plaintiff claims that he was harassed repeatedly from that time, and La Macchia made several comments suggesting Plaintiff's age was a problem.  Plaintiff further contends that Defendant "systematically eliminated all the older employees from the company and replac[ed] them with younger employees." (*Id.*)  Plaintiff attaches evidence showing that of the seven Showtime employees (beside himself) discharged during the applicable period of alleged discrimination (August 2004 to January 2005), five were over 50 years old and one was 45.  (#16 at 21.)

On September 26, 2005, the NERC closed the charge, finding that "the evidence did not meet the legal criteria for establishing that discriminatory acts occurred." (Ex. 7 to #12 at 2.)  The NERC also issued Plaintiff a Right to Sue letter at that time.  On January 10, 2006, Plaintiff filed suit with this Court alleging violation of the Age Discrimination Employment Act ("ADEA").  His brief Complaint incorporates the NERC Charge, but includes no additional facts. Plaintiff seeks damages and reinstatement with backpay.  Defendant now brings a Motion for Summary Judgment (#12), alleging that Plaintiff's claims are factually and legally unsupported.

## I.    Summary Judgment Standard of Review

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the material facts before the court. *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).  Summary judgment is proper if the evidence shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56©; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Where

reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). As summary judgment allows a court to dispose of factually unsupported claims, the court construes the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazari*, 84 F.3d 1194, 1197 (9th Cir. 1996).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party has met its burden, the party opposing the motion may not rest on the mere allegations or denials of its pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When the nonmoving party bears the burden of a claim or defense at trial, the moving party can meet its initial burden on summary judgment by showing that there is an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. Conversely, when the moving party bears the burden of proof at trial, then it must establish each element of its case at summary judgment.

## II.   Analysis

Defendant moves for summary judgment on three grounds. First, it claims that the NERC's decision precludes re-litigation of the issues under issue preclusion. Second, it argues that Plaintiff's Complaint is factually inadequate. Third, Defendant contends that Plaintiff's claims are substantively defective because Plaintiff has not established a prima facie case of discrimination. Defendant errs in all three grounds.

### A.   Issue Preclusion

Defendant claims that Plaintiff's age discrimination claims are barred because the NERC already determined that Defendant's actions did not amount to discrimination. In support of its

1   argument, Defendant cites to several cases where courts have held that various state

2   administrative decisions bar further litigation under collateral estoppel. *See, e.g.*, *Edmundson*

3   *v. Borough of Kennett Square*, 4 F.3d 186 (3d Cir. 1993) (plaintiff barred from further litigation

4   of Section 1983 discrimination claim after Commonwealth Court upheld Unemployment Board's

5   decision dismissing the claim); *Lejeune v. Clallam County*, 823 P.2d 1144 (Wash. App. 1992)

6   (Board of Commissioner's decision disapproving property owner's plat application barred further

7   proceedings on same plat). Defendant's argument overlooks controlling case law that authorizes

8   Plaintiff's suit in federal court. The very case that Defendant principally relies upon, the Third

9   Circuit's ruling in *Edmundson*, notes that "Congress has indicated that agency factual findings

10  are not conclusive . . . in the instances of Title VII, and the Age Discrimination Act," and issue

11  preclusion is therefore not appropriate in these situations. *Edmundson*, 4 F.3d at 191 (citing

12  *Astoria Fed. Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104, 112-13 (1991) (holding that ADEA

13  actions are not subject to the preclusive effect of earlier administrative findings on age

14  discrimination)); *see also Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 470 (1982) (finding

15  that it is not "plausible to suggest that congress intended federal courts to be bound further by

16  state administrative decisions" and such decisions "do not preclude trial de novo in federal

17  court"). Therefore, Plaintiff's "Right to Sue" letter gives him an unqualified right to bring his

18  action in federal court.

19          **B.      Sufficiency of Plaintiff's Complaint**

20          Defendant also contends that Plaintiff's Complaint is too bare to pass the notice pleading

21  requirements of Federal Rule of Civil Procedure 8(a). Rule 8(a) imposes only liberal pleading

22  requirements on plaintiffs. "A court may dismiss a complaint only if it is clear that no relief

23  could be granted under any set of facts that could be consistent with the allegations."

24  *Swierkiewicz v. Soema N.A.*, 534 U.S. 506, 510-12 (2002). The Supreme Court has rejected

25                                      Page 4 of  8

imposing a heightened pleading requirement on Title VII cases, holding that a complaint is sufficient if it "detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination." *Id.* In this case, Plaintiff's Complaint is scarce in factual detail, only alleging that Plaintiff was discharged by Defendant "primarily because of his age." (#1 at 1-2.) However, Plaintiff's Complaint does incorporate the factual allegations contained in his NERC Charge. As previously detailed, this Charge fleshes out Plaintiff's story, by providing details of discriminatory statements made by Defendant's owner, giving the ages of younger hired employees, and alleging that the owner openly planned to and did eliminate older workers. The Charge contains dates that identify when these events purportedly occurred. Therefore, while Plaintiff's Complaint is admittedly bare, the incorporated allegations from the Charge provide enough factual detail to fulfill the notice pleading requirements of Rule 8(a).

## C.     Plaintiff's Substantive Case

The Ninth Circuit has held that the "shifting burden of proof applied to a Title VII discrimination claim also applies to claims arising under the ADEA." *Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1420 (9th Cir. 1990). Therefore ADEA claims are analyzed in three steps: (1) the plaintiff must establish a prima facie case of age discrimination; (2) if the plaintiff has met his burden, the employer must articulate a legitimate, nondiscriminatory reason for its actions; and (3) the burden then shifts back to plaintiff to show that the employer's alleged nondiscriminatory reason is pretextual. *Id.* at 1420-1421; *McDonnel Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). A plaintiff establishes a prima facie case of discrimination by proving: (1) he belongs to a protected class; (2) he performed his job satisfactorily; (3) he suffered an adverse employment action; and (4) the employer discriminated against plaintiff by

1  treating differently than a similarly situated employee. *Cornwell v. Electra Cent. Credit Union*,

2  439 F.3d 1018, 1028 (9th Cir. 2006).

3          In this case, Plaintiff has clearly alleged elements (1) and (3) of his prima facie case.

4  Plaintiff was 61 years old, was terminated, and was replaced by someone twenty years his junior.

5  These facts are not disputed.  As to element (2), that he was performing his job satisfactorily,

6  Plaintiff alleges he was "performing a stellar job" for Defendant but offers no substantive

7  evidence.  Defendant brings no evidence that Plaintiff was performing his job poorly. Reading

8  the record in the light most favorable to Plaintiff, the Court assumes that Plaintiff was

9  performing his job adequately.

10          Defendant contends that Plaintiff cannot establish element (4) because he was replaced

11  by someone within the protected class.  After Plaintiff was fired, Showtime replaced him with

12  James Capezio, age 41.  Under the ADEA, anyone over age 40 is in the protected class, so

13  technically, Plaintiff was replaced by an employee also within the protected age class – even if

14  over twenty years his junior.  On this issue, the Supreme Court has clearly held that being

15  replaced by someone from outside the protected class is not a mandatory requirement of an

16  ADEA suit. *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 311-12 (1996).  In

17  *O'Connor*, the Court rejected the argument here made by Defendants, concluding that:

18          the fact that one person in the protected class has lost out to another person in the
          protected class is thus irrelevant, so long as he has lost out *because of his age*. .
19          . . Because the ADEA prohibits discrimination on the basis of age and not class
          membership, the fact that a replacement is substantially younger than the plaintiff
20          is a far more reliable indicator of age discrimination than is the fact the plaintiff
          was replaced by someone outside the protected class.
21
22  *Id.* at 312-13 (emphasis in original).   In this case, Plaintiff was replaced by someone

23  "substantially younger," despite the fact the replacement was also within the protected class.

24

25                                    Page 6 of  8

1   Following the Court's holding in *O'Connor*, Plaintiff has fulfilled element (4) in alleging he was

2   treated substantially differently due to age discrimination.

3   Plaintiff has therefore satisfactorily plead the four elements required in an ADEA suit and

4   the burden shifts to Defendant to offer some non-discriminatory reason for the termination.

5   Defendant submits that Plaintiff was an at-will employee, subject to termination at any time for

6   any reason, and was fired for poor performance.  Defendant also notes that it hired Plaintiff when

7   he was 59 years old, demonstrating that they did not discriminate against older individuals for

8   employment purposes.

9   However, Plaintiff argues that these reasons for his termination are pretext and offers

10   evidence that after he was hired, Showtime transitioned company control to a new owner, La

11   Macchia Jr., who was focused on bringing younger employees to the company.  For instance,

12   Plaintiff testifies that La Macchia Jr. asked Defendant his age, why he was still working, and

13   when he planned on retiring.  Plaintiff contends that after this conversation, La Macchia

14   "routinely told me that I would not be with the company long" and "indirectly made comments

15   to me that suggested my age was a problem for him." (#1 at 3.)  In his deposition, Plaintiff states

16   that he has a tape recording of La Macchia leaving a message on his answering machine stating

17   that he wanted another employee fired and commenting on his age.  (Ex. 8 to #12 at 5.)  He also

18   testified that La Macchia often said things like, "We need younger blood.  We need fresh blood."

19   (*Id.*)  Plaintiff has attached evidence that of the seven Showtime employees (beside himself)

20   discharged during the applicable period of alleged discrimination (August 2004 to January 2005),

21   five were over 50 years old and another was 45.  (#16 at 21.)

22   Plaintiff's evidence appears sufficient to raise a question of material fact as to whether

23   Defendant's stated reasons for his termination are pretextual.  While Plaintiff has not offered

24   abundant proof of discrimination, he has identified discriminatory statements made by

25   Page 7 of 8

Defendant's agents and shown that Defendant fired several older employees contemporaneous with his termination.  The fact Defendant was hired when 59 does cut against a finding of discriminatory intent, but it is possible that Defendant subsequently changed its policies to discourage retention of older employees.  Therefore, Plaintiff's case should survive summary judgment.

**CONCLUSION**

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (#12) is *denied*.  Plaintiff has adequately plead a prima facie case and shown that Defendant's stated reasons for the termination might be pretextual.  Furthermore, his case is not barred by issue preclusion.  As such, the case should survive summary judgment and proceed to the merits.

DATED:        July 13, 2007

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE